UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CAMAY PRYCE,

                Plaintiff,

    v.

TROOPER INVESTIGATOR CHRISTOPHER GONYO, *individually and as an employee of the State of New York*, ET AL.,

                Defendants,

NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL,

                Interested Party.

No. 24-CV-5832 (KMK)

ORDER GRANTING STAY

---

KENNETH M. KARAS, United States District Judge:

    On August 2, 2024, Plaintiff Camay Pryce ("Plaintiff") brought this Action against Trooper Investigator Christopher Gonyo, Trooper James Huestis, Trooper Investigator Peter Maczkiewicz, and Trooper Harry Kerr, in their individual capacities and as employees of the State of New York (together, "Defendants"), alleging that Defendants: (1) denied her a fair trial and due process based on fabrication of evidence under 42 U.S.C. § 1983, (Dkt. No. 7 ¶¶ 22–38 ("Compl.")); and (2) violated her right to equal protection under the Fourteenth Amendment, (*id.* ¶¶ 39–54).

    On October 31, 2024, the underlying state conviction forming the basis of Plaintiff's federal claims was vacated. (*See* Ex. 1 to Defs' Pre-Motion Ltr. at 2 (Dkt. No. 19-1).) Counsel for Defendants has represented that the judge in the state criminal trial has ordered a new trial for

Plaintiff's state charge, which is tentatively scheduled for January 13, 2025. (*See* Defs' Pre-Motion Ltr. 1 (Dkt. No. 19); *see also* Pl's Resp. 1 (Dkt. No. 20) (acknowledging that a second state trial is scheduled for January 2025).)

On November 20, 2024, Defendants filed a Pre-Motion Letter requesting that the Court stay this proceeding until the termination of Plaintiff's pending state criminal proceeding, or, alternatively, set a briefing schedule for Defendants' anticipated Motion to Dismiss the Complaint. (*See* Defs' Pre-Motion Ltr. 1.) Plaintiff responded to Defendants' Letter on November 21, 2024, opposing the request for a stay. (*See* Pl's Resp.) On December 18, 2024, the Court held a pre-motion conference and heard argument from both Parties. (*See* Dkt. (minute entry for December 18, 2024).)

Per the doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1971), "federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings." *Lamont v. Farucci*, No. 16-CV-7746, 2017 WL 6502239, at *7 (S.D.N.Y. Dec. 18, 2017) (quoting *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 74 (2d Cir. 2003).) Because "abstention is generally disfavored, and federal courts have a virtually unflagging obligation to exercise their jurisdiction," *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012) (citation and quotation marks omitted), "district courts should abstain from exercising jurisdiction only in three exceptional circumstances involving (1) ongoing state criminal prosecutions, (2) certain civil enforcement proceedings, and (3) civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions," *Fishman v. Off. of Ct. Admin. N.Y.S. Cts.*, No. 18-CV-282, 2020 WL 1082560, at *10 (S.D.N.Y. Mar. 5, 2020) (quoting *Falco v. Justices of the Matrimonial Parts of Sup. Ct. of Suffolk Cty.*, 805 F.3d 425, 427 (2d Cir. 2015),

*cert. denied*, 136 S. Ct. 2469 (2016)).) However, "*Younger* abstention is *required* when three conditions are met: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." *Id.* (quoting *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) (emphasis added)). Although "abstention and dismissal are inappropriate" where a plaintiff seeks only money damages, *id.* at 196 n.2, the Second Circuit has noted that in such cases, "a stay of the action pending resolution of the state proceeding may be appropriate," *Kirschner v. Klemons*, 225 F.3d 227, 238 (2d Cir. 2000); *see Pawelsky v. Cnty. of Nassau, New York*, 684 F. Supp. 3d 73, 88–89 (E.D.N.Y. 2023) (granting a stay in an action for monetary damages pending resolution of the state proceedings); *Bankhead v. Chu*, No. 10-CV-0510, 2010 WL 935371, at *3 (E.D.N.Y. Mar. 11, 2010) (same).

  Defendant argues that a stay is warranted under *Younger* "because the remedy [that] may be available to Plaintiff regarding the allegations in her [federal] complaint is likely to be affected by the outcome of the criminal case." (Defs' Pre-Motion Ltr. at 2.) The Court agrees and concludes the *Younger* abstention conditions are met. Plaintiff's criminal case is currently being adjudicated in state court and that adjudication plainly implicates the state's important interest in prosecuting its criminal case. Moreover, temporarily pausing this Action will not infringe upon Plaintiff's opportunity to have her federal constitutional claims adequately reviewed. Indeed, because the disposition of Plaintiff's state claims will impact the scope and potential resolution of her federal claims—specifically, her claim that Defendants fabricated evidence that was introduced against her at her first state trial and used to convict her, thus depriving her of her liberty, (Compl. ¶¶ 22–38)—a stay is warranted, *see Chapdelaine v.*

*Desjardin*, No. 3:20-CV-00779, 2022 WL 4448890, at *12 (D. Conn. Sept. 23, 2022) (applying *Younger* to stay an action for the pendency of a state criminal proceeding); *Pawelsky*, 684 F. Supp. 3d at 88–89 (same).

Plaintiff's federal claims are based upon allegations that Defendants fabricated evidence that was introduced against her at her first state trial and used to obtain a conviction against her, thus depriving her of her liberty. (*See* Compl. ¶¶ 22–38.) That conviction has since been vacated, however, with a new trial of the same charges set for January 2025. (Ex. 1 to Defs' Pre-Motion Ltr. at 2.) Although Plaintiff argues that a stay would be "pointless" because the outcome of the second trial "does not matter," (Pl's Resp. 2), the Court disagrees. Whether or not Plaintiff's second state trial cures the alleged defects with her first trial—the defects that form the basis of Plaintiff's claims here—may be dispositive to the outcome of this Action.

Further, separate from *Younger* abstention, a district court has inherent power to stay proceedings. *See Rojas v. Teva Pharms. USA, Inc.*, No. 20-CV-6448, 2020 WL 8513143, at *1 (S.D.N.Y. Dec. 1, 2020) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In deciding whether to grant a motion to stay proceedings, courts consider the following factors:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interest of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996); *see also Poppel v. Rockefeller Univ. Hosp.*, No. 19-CV-1403, 2019 WL 3334476, at *2 (S.D.N.Y. July 25, 2019) (same). The balance of these factors is performed on a case-by-case basis, and the "basic goal is to avoid prejudice." *See Poppel*, 2019 WL 3334476, at *2 (quoting *LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005)).

The application of these factors also weighs in favor of granting a stay. As noted above, a stay until the completion of Plaintiff's second trial—which may or may not cure the alleged defects with her first trial—will help define the scope of her claims here and potentially avoid unnecessary briefing. *See Rojas*, 2020 WL 8513143, at *1 (staying an action where such stay would "avoid the risk of duplicati[ve] . . . briefing"); *Ritchie Cap. Mgmt., LLC v. Gen. Elec. Cap. Corp.*, 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015) (staying a case where a related lawsuit "appear[s] likely to implicate overlapping core facts . . . and legal theories"). Moreover, a stay here will promote judicial efficiency. *See Rojas*, 2020 WL 8513143, at *1 (noting courts often conclude it is appropriate to stay an action while related proceedings are pending in a separate court "because of the judicial resources that are conserved" (internal quotation marks omitted)); *Poppel*, 2019 WL 3334476, at *3 (noting "[a] stay may be proper when 'it is efficient for a trial court's docket and the fairest course for the parties'" (quoting *In re Literary Works in Elec. Databases Copyright Litig.*, 2001 WL 204212, at *2 (S.D.N.Y. Mar. 1, 2001))).

Further, Plaintiff has not articulated any persuasive reason why she would be prejudiced by a stay. Because the state court has already tentatively scheduled trial for January 2025, the stay will likely be short, which further reduces any risk of prejudice. *See Rojas*, 2020 WL 8513143, at *1 (granting a stay that was "likely [to] be short," as a Judicial Panel on Multidistrict Litigation ("JPML") hearing was scheduled for two days after the staying court's decision); *Ritchie Cap. Mgmt., LLC*, 87 F. Supp. 3d at 471 (granting a "short stay" where a JPML hearing was scheduled two weeks after the staying court's decision, as "such short delays . . . usually do not prejudice the plaintiff" (internal quotation marks omitted)).

5

Accordingly, it is hereby:

ORDERED that this Action be stayed until the resolution of Plaintiff's state criminal case. The Parties are directed to inform this Court of the final adjudication of Plaintiff's state criminal case by no later than fourteen days following its resolution.

SO ORDERED.

DATED:   December 23, 2024
         White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE